***********
On May 14, 2008, David Jones died as a result of a traffic accident while traveling in the State of Alabama. Defendant filed an Industrial Commission Form 19, Employer's Report of Employee's Injury or Occupational Disease to the Industrial Commission, on August 25, 2008. On September 4, 2008, Defendant petitioned for and secured an Order from Director Lovelace for an extension of time in which to file a Form 29, Supplemental Report for Fatal Accidents.
Plaintiff's counsel filed a Form 18, Notice of Accident to Employer and Claim of Employee, Representative, or Dependent on September 9, 2008. Defendant did not timely respond to the Form 18 and Director Lovelace, ex mero motu, entered an Order on October 14, 2008, imposing a $200.00 sanction for failure to comply with the North Carolina Workers' Compensation Act, subject to waiver if Defendant filed an appropriate response to the Form 18 within ten days of the date of the Order. *Page 2 
On October 20, 2008, Defendant's counsel communicated with the Office of the Executive Secretary, seeking an extension of time in which to file the Form 29 until October 31, 2008. Defendant's counsel represented that Plaintiff's counsel concurred in the request and counsel were attempting to resolve "the remaining issue in this claim." Defendant filed the Form 29 on November 4, 2008 identifying Janice Jones, decedent's wife, as the sole potential beneficiary and reporting that Defendant was "[w]ating on confirmation of expenses from Plaintiff's counsel" in order to complete all of the information required on the Form 29.
Defendant filed a Form 30, Agreement for Compensation for Death, and Form 30D, Award Approving Agreement for Compensation for Death, on February 18, 2009. Pursuant to the Form 30D Plaintiff received a total of $314,400.00 in death benefits plus $3,500.00 for burial expenses for a total of $317,900.00.
Plaintiff's counsel filed an Affidavit in support of an attorney fee of $8,100.00. Director Lovelace approved an attorney fee of $5,000.00. Plaintiff's counsel contends that Director Lovelace's award is substantially less, by approximately 62%, than the $8,100.00 requested and far less than the one-third contingency fee contract executed between Plaintiff and her counsel. The "Contingent Fee Employment Contract" executed by Plaintiff and her counsel does not contain a provision fixing an hourly fee should the contingency fee agreement not be approved by the Industrial Commission. Plaintiff's counsel further contends that Director Lovelace did not include any findings that the time Plaintiff's counsel invested and the $8,100.00 requested, based upon an hourly fee of $375.00, was unreasonable in light of the circumstances. Director Lovelace's fee is the equivalent of an hourly fee of $231.48.
Plaintiff's counsel notes in his Affidavit that his firm was hired by the Plaintiff on October 1, 2008 to represent "her interests and those of the estate . . . arising out of the wrongful *Page 3 
death of her husband. . . ." Counsel specifically notes that:
 In order to determine the liability of opposing parties and the source of recorder (i.e. primary carriers, worker compensation carriers and/or under-insured or uninsured carriers) we performed significant research and work, including without limitation: conversations with law enforcement authorities in Alabama; legal research regarding venue, liability, subrogation and choice of law; and discussions with multiple insurance carriers like AIG and State Farm.
 Significant issues relating to subrogation of claims still remain and will require additional time, effort and research to sort out and maximize . . . recovery.
The employment contract covers both Plaintiff's workers' compensation claim and potential wrongful death claim of the decedent's estate. Plaintiff's counsel has not described any services to overcome any "contingency" to a full recovery of death benefits under the North Carolina Workers' Compensation Act. While Plaintiff's counsel notes the issue of "contributory negligence" arising from the accident, that legal doctrine is not a defense to a claim under the North Carolina Workers' Compensation Act. It is readily apparent from the Industrial Commission Forms filed in this case that liability under the Act was clear and not contested by Defendant.
With no contingency to recovery of Plaintiff's death benefits, the long standing Rule of the Industrial Commission is that contingency fee agreements are unreasonable and that "[a]ny attorney seeking fees for the representation of an uncontested claim shall file an affidavit or itemized statement in support of an award of attorney fees." N.C.I.C. rule 409(7). This long standing rule is consistent with RPC 174 of the North Carolina State Bar that prohibits a contingency fee in disputes where there is no risk that the insurance company will refuse payment and no dispute as to the amount owed. It appears in this case that no issue existed as to the proper beneficiary under the Workers' Compensation Act or the amount owed. *Page 4 
Counsel describes legal research related to primary carriers, under-insured or uninsured carriers, venue, subrogation and choice of law. These functions appear primarily related to Plaintiff's contract with her counsel for services in regard to a potential civil action arising from a claim of wrongful death and are not services payable in relationship with Plaintiff's workers' compensation claim.
Services that appear related to Plaintiff's claim for death benefits consist of some legal research and the bulk of counsel's services related to investigation of the accident and the completion of Industrial Commission Forms. Plaintiff did not have to request a hearing and, therefore, there was no preparation for trial and no lengthy or complicated hearing before a Deputy Commissioner. This case was brought to a conclusion by mutual agreement within six months of Plaintiff's Form 18 filing.
A survey of the Industrial Commission's prior awards of attorney fees under the circumstances of this case reveal the customary payment of an attorney fee ranging from $175.00 to $225.00 per hour.
Considering the time invested by counsel, the amount involved, the results achieved and customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services, Plaintiff's counsel's request for a fee of $8,100.00 is unreasonable and the hourly fee ordered by the Claims Director is reasonable and is AFFIRMED.
This the ___ day of December, 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR